**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

| | |
|---|---|
| ANTHONY BRENT, et al., *individually and on behalf of all others similarly situated*, | ) )  ) ) Case No. _____ |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| ADVANCED MEDICAL MANAGEMENT, LLC and POINTS GROUP, LLC, | ) ) ) ) |
| Defendants. | ) ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Points Group, LLC ("Defendant" or "Defendant Points Group") hereby removes to the United States District Court for the District of Maryland the action styled *Anthony Brent, et al., individually and on behalf of all others similarly situated v. Advanced Medical Management, LLC and Points Group, LLC*, Case No. C-03-CV-23-002826, from the Maryland Circuit Court, Baltimore County ("State Court Action"). Defendant removes this action pursuant to 28 U.S.C. §§ 1332 and 1453, and under the Class Action Fairness Act of 2005 ("CAFA") because: (1) this action was filed as a class action on behalf of at least 100 putative class members, (2) the amount in controversy exceeds $5,000,000, and (3) there is minimal diversity of citizenship between the named Plaintiffs and Defendants. In support of removal, Defendant states the following:

**STATE COURT ACTION**

1.      On July 10, 2023, Plaintiff Anthony Brent commenced this matter by filing a Class-Action Complaint against Defendant Advanced Medical Management, LLC in a case styled

1

*Anthony Brent, individually and on behalf of all others similarly situated v. Advanced Medical Management LLC*, Case No. C-03-CV-23-002826, in the Maryland Circuit Court, Baltimore County. Subsequently, on October 11, 2023, the Maryland Circuit Court consolidated two other cases into the action, styled *Oluwakemi Ade-Fosudo v. Advanced Medical Management, LLC*, Case No. C-03-CV-23-003429 and *James Buechler v. Advanced Medical Management, LLC*, Case No. C-03-CV-23-003447.

2. Thereafter, on October 24, 2023, Plaintiffs filed a Consolidated Class Action Complaint, now asserting claims against Defendant Points Group and adding Plaintiffs Desiree Walker and Confidence Dike to the action. Plaintiffs bring this putative class action under Maryland Rule of Civil Procedure Circuit Court 2-231, a similar class action rule to Federal Rule of Civil Procedure 23. *See* 28 U.S.C. § 1332(d)(1)(B). A true and correct copy of the Consolidated Class Action Complaint, as well as all related papers in the State Court Action is attached hereto and incorporated herein by reference.

3. Plaintiffs' Consolidated Complaint in the State Court Action asserts claims on behalf of Plaintiffs and all putative Class Members of negligence, breach of contract (styled as "breach of third-party beneficiary contract"), unjust enrichment, and violations of Maryland's Consumer Protection Act and Personal Information Protection Act. Plaintiffs define "Class Members" as "all individuals who reside in the United States whose Private Information was exposed in the Data Breach involving Defendants." Consolidated Compl. ¶ 205 (the "Data Breach").  Plaintiffs allege that the Data Breach (as defined in the Complaint) has impacted "approximately 319,000 Class Members." Consolidated Compl. ¶ 7.

4. This is a civil action over which this Court has original diversity of citizenship jurisdiction under 28 U.S.C. § 1332(d). As such, Defendant may remove this action in accordance with 28 U.S.C. §§ 1441, 1446, and 1453.

5. By removing this action, Defendant does not waive any defenses or objections that it may have as it pertains to Plaintiffs or to any of the putative class members in their individual or class capacity.

## REMOVAL IS TIMELY

6. A Notice of Removal is required to be filed within 30 days that the defendant receives a copy of an initial pleading through service or otherwise. 28 U.S.C. § 1446(b).

7. The time period for removal begins when the defendant is served. *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 348 (1999). Defendant was served with process on November 7, 2023. *See* Affidavit of Service Points Group, LLC.

8. This Notice of Removal is being filed on or before December 7, 2023 and is therefore timely.

## REMOVAL VENUE IS PROPER

9. Venue for removal purposes is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States District Court for the District of Maryland geographically embraces the state court in Baltimore County, Maryland, in which Plaintiffs filed the State Court Action.

## BASIS FOR REMOVAL

10. This Court has subject matter jurisdiction over the action under CAFA. Original jurisdiction in this Court exists under CAFA if litigation is a "class action" as defined by CAFA, "the matter in controversy exceeds the sum or value of $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2).

## MINIMAL DIVERSITY EXISTS

11. Minimal diversity pursuant to CAFA only requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2), (d)(11)(B)(i).

12. Plaintiffs are residents and citizens of Maryland. *See* Consolidated Compl. ¶¶ 18–22.

13. "For purposes of diversity jurisdiction, the citizenship of a limited liability company… is determined by the citizenship of all of its members." *Central W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Defendant Points Group, LLC is organized under the laws of New Jersey and all of its members are citizens of New Jersey. Defendant is therefore a citizen of New Jersey.

14. Accordingly, the parties are minimally diverse for purposes of CAFA because Plaintiffs are citizens of Maryland and Defendant is a citizen of New Jersey. *See* 28 U.S.C. § 1332(d)(2)(A).

## THE PROPOSED CLASS EXCEEDS 100 MEMBERS

15. To qualify for removal pursuant to CAFA, the number of members of all proposed classes in the aggregate must be at least 100. 28 U.S.C. § 1332(d)(5)(B).

16. Plaintiffs purport to bring claims on behalf of themselves and "all individuals who reside in the United States whose Private Information was exposed in the Data Breach involving Defendants." Consolidated Compl. ¶ 205.

17. Plaintiffs allege that the class is so numerous that joinder of all putative class members is impracticable. Consolidated Compl., ¶ 210. Plaintiffs further allege that the Data Breach has impacted "319,000 Class Members." Consolidiated Compl. ¶ 7.

18.     The proposed class thus exceeds the statutorily required minimum of 100 members.

## AMOUNT IN CONTROVERSY IS SATISFIED

19.     Under CAFA, to determine whether a district court has original jurisdiction "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

20.     Where a complaint does not specify the amount of damages sought, as is the case with Plaintiffs' Consolidated Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount in controversy is satisfied. The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet the amount-in-controversy requirement. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89–90 (2014). Defendant need not present evidence to satisfy the amount in controversy requirement to remove under 28 U.S.C. § 1446(c)(2)(B) unless the Plaintiffs challenge, or the Court questions, Defendant's allegations regarding the amount in controversy. *Id.* at 90. As demonstrated below, the allegations in the Complaint establish that it is more likely than not that the amount in controversy exceeds $5 million.

21.     Plaintiffs' Complaint alleges broad and numerous categories of damages sought on behalf of Plaintiffs and the other putative class members, including compensatory damages for invasion of privacy; "out-of-pocket" costs; loss of time and productivity incurred while mitigating the risk of identity theft and due to spam emails; loss of the benefit of the bargain; and diminution in the value of private information. *See* Consolidated Compl. ¶ 106. Plaintiffs also seek statutory damages, restitution, and disgorgement. *Id.* at 60. According to Plaintiffs, "the ramifications [of

5

the Data Breach on] Plaintiffs and Class Members are long lasting and severe. Once Private Information is stolen— particularly Social Security numbers and PHI— fraudulent use of that information and damage to victims may continue for years." Consolidated Compl. ¶ 64. "Significant costs" have allegedly been imposed on Plaintiffs and the putative class members as a result of the breach. *See* Consolidated Compl. ¶ 61. "Plaintiffs and Class Members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights. The Class is incurring and will continue to incur such damages in addition to any fraudulent use of their Private Information." *Id.* at ¶ 62.

22.   Plaintiffs allege that the Data Breach has impacted "approximately 319,000 Class Members" and that the loss in pecuniary value of Class Members' stolen information is around $50 per person, per year. *See* Consolidated Compl. ¶ 181. By extrapolation, Plaintiffs are seeking, at minimum, $15,950,000 in compensatory damages per year for the alleged diminution in the value of their private information alone.

23.   Given Plaintiffs' alleged damages, and with an alleged class of up to 319,000, a fact finder would plausibly conclude that the aggregate amount in controversy exceeds $5,000,000. *See Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (quoting *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1317 (11th Cir. 2014) ("Estimating the amount in controversy is not nuclear science; it does not demand decimal-point precision.")).

24.   For these reasons, the jurisdictional amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(d); *Dart Cherokee,* 574 U.S. at 89 ("CAFA's provisions should be read

broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").[1]

## LOCAL CONTROVERSY AND HOME STATE EXCEPTIONS DO NOT APPLY

25. The discretionary and mandatory Home State Exceptions under 28 U.S.C. §§ 1332(d)(3) and (4)(B) do not apply to this removal because Defendant Points Medical is a "primary defendant" in the action and is not a citizen of Maryland. *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 505 (3d Cir. 2013) (holding that all three defendants were "primary defendants" when plaintiff alleged that each was directly liable, appeared to apportion liability equally, and sought similar relief among all defendants).

26. The Local Controversy Exception under 28 U.S.C. § 1332(d)(4)(A) does not apply to this removal because other putative class actions have been filed against Defendant Advanced Medical Management, LLC within the last year asserting the same or similar factual allegations concerning the Data Breach. *See* 28 U.S.C. § 1332(d)(4)(A)(ii); *see, e.g., Woerner v. Advanced Medical Management, LLC*, 1:23-cv-01905-JKB (D. Md.); *Ade-Fosudo v. Advanced Medical Management, LLC*, 1:23-cv-01821-JKB (D. Md.); *Buechler v. Advanced Medical Management, LLC*, 1:23-cv-01891-JKB (D. Md.); *Walker v. Advanced Medical Management, LLC*, 1:23-cv-01945-JMC (D. Md.).

## FILING OF REMOVAL PAPERS

---

[1] The amounts set forth in this Notice of Removal are solely for the purpose of establishing that the amount in controversy exceeds the $5 million threshold and are not intended and cannot be construed as an admission that Plaintiffs can state a claim or are entitled to damages in any amount. Defendant denies liability, denies that Plaintiffs are entitled to recover any amounts, and denies that a class can properly be certified in this matter.

27. Upon filing this Notice of Removal, Defendant will promptly give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the Maryland Circuit Court, Baltimore County, as required by 28 U.S.C. § 1446(d).

28. Defendant reserves the right to amend or supplement this Notice of Removal.

## CONCLUSION

WHEREFORE, Defendant Points Group, LLC hereby removes the above-captioned action from the Maryland Circuit Court and requests that further proceedings be conducted in this Court as provided by law.

DATED: November 30, 2023.                    Respectfully submitted,

CLARK HILL PLC

/s/ *Jack R. McCaffrey*
Jack R. McCaffrey, Esq. (MD Bar No. 30737)
Clark Hill PLC
1001 Pennsylvania Avenue, N.W.
Suite 1300 South
Washington, DC  20004
Telephone:  (202) 640-6675
Facsimile:   (202) 772-0919
Email:        jmccaffrey@clarkhill.com

*Counsel for Defendant*
*Points Group, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30th, 2023, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system and served a true and correct copy via regular U.S. Mail to the following:

*Counsel for Plaintiffs*

Thomas A. Pacheco
David K. Lietz
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, LLC
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052
T: (212) 946-9305
T: (202) 744-1795
tpacheco@milberg.com
dlietz@milberg.com

Kevin Laukaitis
LAUKAITIS LAW LLC
954 Avenida Ponce De Leon,
Suite 205, #10518
San Juan, PR 00907
T: (215) 789-4462
klaukaitis@laukaitislaw.com

Courtney L. Weiner
LAW OFFICE OF COURTNEY WEINER
PLLC
1629 K Street, NW, Suite 300
Washington, DC 20006
T: (202) 827-9980
cw@courtneyweinerlaw.com

Mason A Barney
Tyler J. Bean
SIRI & GLIMSTAD LLP
745 Fifth Ave., Suite 500
New York, NY 10151
Phone: (212) 532-1091
mbarney@sirillp.com
tbean@sirillp.com

A. Brooke Murphy
MURPHY LAW FIRM
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Tel: (405) 389-4989
abm@murphylegalfirm.com

[continued on next page]

*Counsel for Defendant Advanced Medical Management, LLC*

| | |
|---|---|
| William W. Reichart III | Scott Louis Weber |
| DLA Piper LLP (US) | Keara M. Gordon |
| 650 S. Exeter St., Suite 1100 | 1251 Avenue of the Americas |
| Baltimore, Maryland 21202 | New York, New York 10020 |
| Tel.: (410) 580-4104 | Tel.: (212) 335-4500 |
| Fax: (410) 580-3104 | Fax: (212) 335-4501 |
| wes.reichart@dlapiper.com | scott.weber@dlapiper.com |
| | keara.gordon@dlapiper.com |

/s/ *Jack R. McCaffrey*
Jack R. McCaffrey, Esq.

*Counsel for Defendant
Points Group, LLC*