IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY BRENT, et al., | * | |
| Plaintiffs, | * | |
| v. | * | **CIVIL NO. JKB-23-3254** |
| ADVANCED MEDICAL MANAGEMENT, LLC, et al., | * | |
| | * | |
| Defendants. | * | |
| * * * * * * * * * * * * | | |

## ORDER

For the reasons set forth in the foregoing Memorandum, it is ORDERED that Plaintiff's Motion for Leave to File Excess Pages (ECF No. 26) is GRANTED and Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 29) is GRANTED.

It is further ORDERED that:[1]

1. **Settlement Class.** The Settlement Class as defined in the Settlement Agreement is provisionally certified for settlement purposes only.

2. **Settlement Agreement.** Settlement Agreement (ECF No. 29-3) is preliminarily approved.

3. **Settlement Class Representatives and Class Counsel.** Plaintiffs Anthony Brent, Oluwakemi Ade-Fosudo, James Buechler, Desiree Walker, Confidence Dike, and Tyler Woerner are designated as Class Representatives. David K. Lietz and Courtney Weiner are appointed as Class Counsel.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue

---

[1] Defined terms will have those definitions provided in the Settlement Agreement. (ECF No. 29-3.)

is proper in this District pursuant to 28 U.S.C. § 1391(b).

5. **Final Approval Hearing.** A Final Approval Hearing shall be held on December 11, 2024 at 10:00 a.m. at the United States District Court, 101 West Lombard Street, Baltimore, MD 21201, where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; and (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h).

6. **Settlement Administrator.** The retention of Angeion Group as Settlement Administrator is approved.

7. **Notice Program.** The Notice Program provided in the Settlement Agreement is approved. The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

8. **Class Action Fairness Act Notice.** Within ten (10) days after the filing of the Settlement Agreement with the Court, the Settlement Administrator acting on behalf of Defendants shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements

under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

9. **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must follow the procedure set forth in the Notice and the Settlement Agreement. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date and as stated in the Notice and the Settlement Agreement.

A complete list of all Settlement Class Members who submitted timely, valid exclusion requests (opt-outs) must be filed with the Court as part of the declaration or affidavit of the Settlement Administrator, when Plaintiffs file their Motion for Final Approval of the Class Action Settlement. The Court will permit the list to be anonymized, referring to the Settlement Class Members opting-out by their unique Class Member IDs assigned to them by the Settlement Administrator in any public filings.

If a Final Order and Judgment is entered, all persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of or be bound by the terms of the Settlement Agreement.

10. **Objections and Appearances.** A Settlement Class Member (who does not submit a timely written request for exclusion) who wishes to object to the Settlement Agreement must submit a timely written notice of his or her objection by the Objection Date in compliance with the Notice and the Settlement Agreement. The Long Form Notice and the Settlement Website shall instruct Settlement Class

3

Members who wish to object to the Settlement Agreement to send their written objections to the Settlement Administrator at the address indicated in the Long Form Notice, and to the attorneys for the Parties at their addresses specified in the Notice. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Date." Any such notices of an intent to object to the Settlement Agreement must conform with the requirements specified in the Settlement Agreement.

An objecting Settlement Class Member has the right, but is not required to, attend the Final Approval Hearing. Any objector or their counsel who intends to make an appearance at the Final Approval Hearing shall file with the Court, and shall serve on Class Counsel and AMM's Counsel, a notice of intention to appear at the Final Approval Hearing by no later than the Objection Date.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Section XIII of the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

11. **Claims Process.** Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court

4

preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

12. **Termination of Settlement.** This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (b) there is no Effective Date; or (c) the Settlement Agreement otherwise becomes null and void consistent with the terms of the Settlement Agreement. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and

5

shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. If Defendants void the Settlement Agreement according to its terms, Defendants will be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

13. **Use of Order.** This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

14. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

15. **Stay of Litigation.** All proceedings in the Litigation, other than those related to

approval of the Settlement Agreement, are hereby stayed. Further, any actions

brought by Settlement Class Members concerning the Released Claims are hereby

enjoined and stayed pending Final Approval of the Settlement Agreement.

Further, the Court sets in the following DATES AND DEADLINES:

| AMM provides list of Settlement Class Members to the Settlement Administrator | July 8, 2024 |
| --- | --- |
| Notice Date | July 29, 2024 |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | September 6, 2024 |
| Objection Deadline and Opt-Out Deadline | September 30, 2024 |
| Claims Deadline | October 31, 2024 |
| Motion for Final Approval | November 18, 2024 |
| **Final Approval Hearing** | December 11, 2024 at 10:00 a.m. in Courtroom 5A, 101 W. Lombard St., Baltimore, MD. |

DATED this **25** day of June, 2024.

BY THE COURT:

James K. Bredar
United States District Judge