**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Northern Division***

| | |
|---|---|
| ANTHONY BRENT, *et al.* | : |
| | : |
| | : |
| Plaintiffs, | : Civil Action No.:  1:23-cv-3254-JKB |
| | : |
| v. | : |
| | : |
| | : |
| ADVANCED MEDICAL MANAGEMENT, | : |
| LLC, *et al.* | : |
| | : |
| | : |
| Defendants. | : |
| | : |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR**
**MOTION FOR AN AWARD OF ATTORNEYS FEES, LITIGATION**
**COSTS, AND FOR SERVICE AWARDS TO PLAINTIFFS**

## I.      INTRODUCTION

Pursuant to FED. R. CIV. P. 23(h) and in accordance with this Court's Preliminary Approval Order of June 25, 2024, ECF 33, this motion seeks: (1) an award of attorneys' fees and costs in the amount of 30% of the Settlement Fund;[1] and (2) a service award for Named Plaintiffs Anthony Brent, Oluwakemi Ade-Fosudo, James Buechler, Desiree Walker, Confidence Dike, and Tyler Woerner for their service to the Class. As detailed below, these types of requests are routinely approved within this Circuit and are fair and reasonable here in light of the substantial relief obtained for the Settlement Class and to compensate Class Counsel for the risks taken and resources invested in this case.

Class Counsel, and additional Plaintiffs' Counsel, have diligently and efficiently prosecuted this case to secure an outstanding settlement for Plaintiffs and the Class without any

---

[1] Unless otherwise noted, definitions of capitalized terms are found in Section 2 of the Settlement Agreement ("S.A."), filed at ECF 29-3.

guarantee of payment for their services. Through Class Counsel's determination and hard work, Class Counsel secured a non-reversionary common fund of $2,500,000.00 (the "Settlement Fund") for Plaintiffs and the Settlement Class as well as commitments for AMM to implement significant remedial measures at an additional cost of $500,000.00. *See* S.A., ¶¶ 87-88. The result achieved in this case would not be possible without the significant investments of time and resources by Class Counsel and additional Plaintiffs' Counsel.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

In the interest of efficiency, for the factual and procedural background on this case, Plaintiffs refer the Court to and hereby incorporate Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum in Support filed on June 7, 2024 (ECF No. 29) and the Joint Declaration of David Lietz and Courtney Weiner ("Joint Decl."), ¶¶5-31, attached hereto as Exhibit 1.

## III.   CLASS COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION COSTS IS FAIR AND REASONABLE

### A.    <u>Awarding Attorneys' Fees on a Percentage-of-Recovery Basis is Appropriate</u>

Rule 23(h) affords the Court authority to "award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement" in class actions. FED. R. CIV. P. 23(h).  "There are two main methods for calculating the reasonableness of attorneys' fees — the lodestar method and the percentage-of-recovery method." *McAdams v. Robinson*, 26 F.4th 149, 162 (4th Cir. 2022).  The lodestar method calculates reasonable fees "by multiplying the number of reasonable hours expended times a reasonable rate," *id*. (citation omitted), while the percentage-of-recovery method "considers the portion of the total settlement fund that will go to attorneys' fees." *Id*. (citation omitted).  This Court "may choose the method it deems appropriate based on its judgment and the facts of the case." *Id*. (citing *Jones v. Dominion Res. Servs., Inc.*, 601 F. Supp.

2d 756, 760 (S.D. W. Va. 2009)).

When, as in this matter, a proposed settlement creates a common fund for the class, this Court has regularly awarded attorneys' fees using a percentage-of-recovery method with a lodestar crosscheck. *See Donaldson v. Primary Residential Mortg., Inc.*, No. CV ELH-19-1175, 2021 WL 2187013, at *7 (D. Md. May 28, 2021); *Jernigan v. Protas, Spivok & Collins, LLC*, No. CV ELH-16-03058, 2017 WL 4176217, at *8 (D. Md. Sept. 20, 2017); *McDaniels v. Westlake Servs., LLC*, No. CIV.A. ELH-11-1837, 2014 WL 556288, at *13 (D. Md. Feb. 7, 2014).

As one court has recently explained after collecting and reviewing class cases:

> In sum, there is a clear consensus among the federal and state courts, consistent with Supreme Court precedent, that the award of attorneys' fees in common fund cases should be based on a percentage of the recovery. This consensus derives from the recognition that the percentage of fund approach is the better-reasoned and more equitable method of determining attorneys' fees in such cases.

*Cox v. Branch Banking & Tr. Co.*, No. 5:16-cv-10501, 2019 WL 164814, at *5 (S.D. W. Va. Jan. 10, 2019).[2] Employing the percentage-of-recovery method is appropriate here.

The doctrine originates from the equitable principles of quantum meruit and unjust

---

[2] The percentage-of-recovery method is also overwhelmingly preferred by district courts in this Circuit. *See, e.g., Galloway v. Williams*, No. 3:19-cv-470, 2020 WL 7482191, at *5 (E.D. Va. Dec. 18, 2020) ("Nevertheless, over time, certain customs have developed, both in the Fourth Circuit and across the country; for example, the favored method for calculating attorneys' fees in common fund cases is the percentage of the fund method."); *Thomas v. FTS USA, LLC*, No. 3:13-cv-825, 2017 WL 1148283, at *3 (E.D. Va. Jan. 9, 2017) ("District Courts within this Circuit have also favored the percentage of the fund method." (citations omitted)), *report and recommendation adopted,* No. 3:13-cv-825, 2017 WL 1147460 (E.D. Va. Mar. 27, 2017); *Kelly v. Johns Hopkins Univ.*, No. 1:16-cv-2835, 2020 WL 434473, at *2 (D. Md. Jan. 28, 2020); *Seaman v. Duke Univ.*, No. 1:15-cv-462, 2019 WL 4674758, at *2 (M.D.N.C. Sept. 25, 2019); *Krakauer v. Dish Network, L.L.C.*, No. 14-333, 2018 WL 6305785, at *2 (M.D.N.C. Dec. 3, 2018); *Phillips v. Triad Guar. Inc.*, No. 1:09-cv-71, 2016 WL 2636289, at *2 (M.D.N.C. May 9, 2016); *Archbold v. Wells Fargo Bank, N.A.*, No. 13-24599, 2015 WL 4276295, at *5 (S.D. W. Va. July 14, 2015) ("[T]he Court concludes that there is a clear consensus . . . that the award of attorneys' fees in common fund cases should be based on a percentage of the recovery.").

enrichment and aims to shift the expense of litigation from named plaintiffs, who obtained the

fund's benefits, to the absent class members, who benefit from the fund but likely contributed

little, or nothing, to the process. *Brundle ex rel. Constellis Employee Stock Ownership Plan v.*

*Wilmington Tr., N.A.*, 919 F.3d 763, 785 (4th Cir. 2019), *as amended* (Mar. 22, 2019). As the

Fourth Circuit has explained, awarding fees as a percentage of the common fund "hold[s] the

beneficiaries of a judgment or settlement responsible for compensating the counsel who obtained

the judgment or settlement for them." *Id.* at 786.

More generally, the Fourth Circuit has expressly recognized the importance and purpose

of a contingency fee approach in a different but applicable context, noting that contingency fees:

> transfer a significant portion of the risk of loss to the attorneys taking
> a case. Access to the courts would be difficult to achieve without
> compensating attorneys for that risk. … In addition, it may be
> necessary to provide a greater return than an hourly fee offers to
> induce lawyers to take on representation for which they might never
> be paid, and it makes sense to arrange these fees as a percentage of
> any recovery.
>
> * * *
>
> Conversely, an attorney compensated on a contingency basis has a
> strong economic motivation to achieve results for his client,
> precisely because of the
> risk accepted. As the Seventh Circuit has explained, "[t]he
> contingent fee uses private incentives rather than careful monitoring
> to align the interests of lawyer and client. The lawyer gains only to
> the extent his client gains." *Kirchoff v. Flynn,* 786 F.2d 320, 325 (7th
> Cir. 1986). A contingency fee "automatically handles compensation
> for the uncertainty of litigation" because it "rewards exceptional
> success, and penalizes failure." *Id.* at 326.

*In re Abrams & Abrams, P.A.*, 605 F.3d 238, 246 (4th Cir. 2010). In addition, as the leading class

action treatise explains:

> [T]he common fund fee award, as a contingent fee award, should
> often (if not always) be higher than counsel's lodestar itself. This is
> true because the fee reflects both the provision of legal services and

> the loan to the class of the attorney's resources and services, at the risk of recovering nothing. Given the higher risk of not getting paid, and the loan of the attorney's resources and services to the class, there must be some higher reward when a payday arrives.

5 *Newberg on Class Actions* § 15:73 (5th ed.).

Courts' preference for the percentage-of-recovery method is common sense. It is easily administered and saves valuable court and party resources, which heeds the Supreme Court's mandate that "request for attorney's fees not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The percentage method also aligns the interests of class counsel and the class members because it both motivates class counsel to generate the largest possible recovery for the class and rewards efficient litigation, removing any incentive to run up unnecessary attorney hours. *See Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 681 (D. Md. 2013) ("An attractive aspect of the 'percentage of recovery' method is its results-driven nature which 'ties the attorneys' award to the overall result achieved rather than the hours expended by the attorneys.'") (*quoting Jones v. Dominion Res. Servs.*, 601 F. Supp. 2d 756, 759 (S.D. W.Va. 2009)).[3]

---

[3] *See also Johnson v. Metro-Goldwyn-Mayer Studios, Inc.*, No. C17-541RSM, 2018 WL 5013764, at *11 (W.D. Wash. 2018) ("the percentage-of-recovery method . . . align[s] the interests of the class and class counsel [motivating counsel] to obtain the largest tangible benefit possible, to provide for the best possible notice to the class, and to assure that the claims process is not overly burdensome"); *In re Anthem, Inc. Data Breach Litigation*, No. 15- MD-02617-LHK, 2018 WL 3960068, at *5 (N.D. Cal. 2018) ("By tying the award to the recovery of the Class, Class Counsel's interests are aligned with the Class, and Class Counsel are incentivized to achieve the best possible result."); *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 991 F. Supp. 2d 437, 440 (E.D.N.Y. 2014) ("The percentage method better aligns the incentives of plaintiffs' counsel with those of the class members because it bases the attorneys' fees on the results they achieve for their clients, rather than on the number of motions they file, documents they review, or hours they work."); *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1268–69 (D.C. Cir. 1993) ("using the lodestar approach in common fund cases encourages significant elements of inefficiency," while "if a percentage-of-the-fund calculation controls, inefficiently expended hours only serve to reduce the per hour compensation of the attorney expending them").

By comparison, the lodestar method lacks these incentives, is time consuming, and requires lawyers to submit voluminous records that courts must then review and scrutinize in detail. Indeed, the lodestar method is used in only a fraction of class-action cases, often where the settlement provides injunctive relief that cannot be reliably calculated. *See, e.g.*, Theodore Eisenberg, *Attorneys' Fees in Class Actions: 2009-2013*, 92 N.Y.U. Law Review 937, 945 (2017) (finding that the lodestar method used only 6.29% of the time from 2009 to 2013, down from 13.6% from 1993 to 2002 and 9.6% from 2003 to 2008); Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical L. Stud. 811, 832 (2010) (finding that the lodestar method used in only 12% of settlements).

The Court should, accordingly, use the percentage-of-recovery method here.

### B.      <u>Awarding 30% of the Settlement Fund Is Reasonable</u>

Pursuant to the parties' Settlement Agreement, Defendant agreed not to oppose Class Counsel's request for an award for attorneys' fees and costs of up to one third (33%) of the $2.5 million Settlement Consideration, i.e., $1,000,000. ECF 29-3 at § 143. Here, Class Counsel is seeking $750,000, which amounts to only 30% of the Settlement Fund amount and just 25% of the total Settlement Consideration.  The requested fee is entirely reasonable.

When considering the reasonableness of a percentage-of-recovery attorneys' fee award, district courts in the Fourth Circuit have analyzed the following seven factors:

> (1) the results obtained for the class; (2) the quality, skill, and efficiency of the attorneys involved; (3) the risk of nonpayment; (4) objections by members of the class to the settlement terms and/or fees requested by counsel; (5) awards in similar cases; (6) the complexity and duration of the case; and (7) public policy[.]

*Singleton*, 976 F. Supp. 2d at 682. Importantly, "fee award reasonableness factors need not be applied in a formulaic way because each case is different, and in certain cases, one factor may

outweigh the rest." *Id.* (*citing In re AT & T Corp.,* 455 F.3d 160, 166 (3d Cir. 2006) (internal quotation marks omitted)). The above factors favor approval of Class Counsel's request here.

> 1.    *Results obtained for the Class*

In the Fourth Circuit, "the most critical factor in calculating a reasonable fee award is the degree of success obtained." *McDonnell v. Miller Oil Co*., 134 F.3d 638, 641 (4th Cir. 1998) (citation and internal quotation omitted).

In this case, Class Counsel has secured a non-reversionary Settlement Fund of $2.5 million, which includes both *pro rata* payments and reimbursement of documented losses, as well as remedial measures valued at approximately $500,000. ECF 29-3, at §§ 84, 88. The settlement secured by Class Counsel is in line with, or more favorable than, a number of recent settlements in the data breach context. Indeed, the value per Class Member of just the $2,500,000 cash portion of the Settlement amounts to $7.84 per Class Member. This exceeds the cash value in other exemplary data breach settlements approved by courts around the country:

| Case Title | Settlement Amount | No. of Class Members | $ Per Class Member |
|---|---|---|---|
| *In re Target Corp. Customer Data Breach Security Litigation*, MDL No. 2522 (D. Minn.) | $10M | 97.5M | $0.10 |
| *Adlouni v. UCLA Health Systems Auxiliary, et al.*, No. BC 589243 (Los Angeles Super. Ct.) | $2M | 4.5M | $0.44 |
| *In re Yahoo! Inc. Customer Data Breach Litig.*, No. 5:16-MD-02752-LHK (N.D. Cal.) | $117.5M | 194M | $0.61 |
| *Fehlen v. Accellion, Inc.*, Case No. 21-cv-01353 (N.D. Cal.) | $8.1M | 9.2M | $0.90 |
| *Atkinson, et al. v. Minted, Inc.*, No. 3:20-cv-03869-VC (C.D. Cal.) | $5M | 4.1M | $1.22 |
| *Cochran et al. v. The Kroger Co.*, No. 5:21-cv-01887 (N.D. Cal.) | $5M | 3.82M | $1.31 |
| *In re Capital One Consumer Data Security Breach Litig.*, No. 1:19-md-02915-AJT-JFA (E.D. Va.) | $190M | 98M | $1.93 |

| | | | |
|---|---|---|---|
| *In re: Lincare Holdings Inc. Data Breach Litigation*, No. 8:22-cv-01472-TPB-AAS (M.D. Fl.) | $7.25M | 2.9M | $2.50 |
| *In re Equifax Inc. Data Security Breach Litig.*, No. 1:17-md-02800-TWT (N.D. Ga.) | $380.5M | >147M | $2.59 |
| *In re: Wright & Filippis, LLC.*, No. 2:22-cv-12908-SFC-EAS | $2.9M | 877,584 | $3.30 |
| *In re Premera Blue Cross Customer Data Security Breach Litig.*, No. 3:15-md-2633-SI (D. Or.) | $32M | 8.86M | $3.61 |
| *Winstead v. ComplyRight, Inc.*,No. 1:18-CV-4990 (N.D. Ill.) | $3.025M | 665,689 | $4.54 |
| *Madkin v. Automation Personnel Services, Inc.*, No. 2:21-cv-1177 (N.D. Ala.) | 1.37M | 299,253 | $4.59 |
| *Bingaman, et al. v. Avem Health Partners Inc.*, Case No. CIV23-130-SLP (W.D. Ok.) | $1.45M | 271,303 | $5.34 |
| *Kesner, et al. v. UMass Memorial Health Care, Inc.*, No. 2185-cv-01210 (Mass. Supp. Ct.) | $1.25M | 209,047 | $5.74 |

This factor, therefore, strongly favors approval of Class Counsel's requested fee.

### 2.   Quality, skills, and efficiency of Class Counsel

As set forth in Class Counsels' biographies, Joint Decl. at Ex. A, Class Counsel have years of experience in consumer, data breach, and class action law, and used their skills to obtain the result for the Class here.  Indeed, Class Counsel David Lietz is among the leaders in the field of data breach class actions.  Class Counsel's significant experience in these areas of law allowed them to achieve the excellent result in this case. Class Counsel David Lietz has represented and/or currently represents plaintiffs in hundreds of class action lawsuits around the country, including more than 100 cases involving privacy violations, data breaches, and cyberattacks.  Mr. Lietz's firm, Milberg, is one of the leading class action firms in the country. *See* Joint Decl., ¶ 1. The Law Office of Courtney Weiner PLLC has multiple summary judgment victories in this Court on behalf of consumers, and served as co-class counsel in cases involving college tuition charges during the early period of the pandemic and debt collection practices by a law firm.  *Botts v. Johns Hopkins*

*Univ.*, Civil Action No. ELH-20-1335, ECF 96 (D. Md. Apr. 20, 2023); *Smith v. Oliveri & Associates, PC,* Civil Action No. TJS-20-2598, ECF 67 (D. Md. Apr. 10, 2023). *Id.,* ¶ 2. Class Counsel is joined by a team of other attorneys well-versed in class action and data breach litigation, including Laukaitis Law, Kopelowitz Ostrow Ferguson Wieselberg Gilbert, Siri & Glimstad, and the Murphy Law Firm. Class Counsel's collective history provided them with sufficient leverage to negotiate an excellent result during through mediation.

3.      *Risk of nonpayment*

From the outset, Class Counsel litigated this matter on a wholly contingent basis, risking their own time and resources in litigation in a relatively new area of law. Allowing a reasonable contingency fee is favored because "very few lawyers c[an] take on the representation of a class client given the investment of substantial time, effort and money, especially in light of the risks of recovering nothing." *Behrens v. Wometco Enters.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988). In addition to the inherent risk of class actions, courts have recognized that "risks relevant to assessing an atypically large or small fee request are the distinctive risks specific to a particular litigation." *Good v. W. Virginia-Am. Water Co.*, No. 14-1374, 2017 WL 2884535, at *25 (S.D. W.Va. July 6, 2017). If this matter had proceeded in litigation, Plaintiffs would have borne considerable additional risks. These include the uncertainty associated with contested class certification and the possibility of an interlocutory appeal pursuant to FED. R. CIV. P. 23(f), dispositive motions, and potential appeals, not to mention trial. This factor favors awarding 30% of the Settlement Fund as attorneys' fees and costs.

4.      *Objections from Class members*

To date, **no** Class member has objected to the Settlement or Class Counsel's requested fee, which was clearly noted in the Notice sent to Class members. *See* Class Admin. Report dated

September 3, 2024 (attached hereto as Exhibit 2). "Such a lack of opposition . . . strongly supports a finding of adequacy, for '[t]he attitude of the members of the Class, as expressed directly or by failure to object, after notice to the settlement is a proper consideration for the trial court.'" *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975); *see also Berry v. Schulman*, 807 F.3d 600, 618-19 (4th Cir. 2015) (affirming fee in part because of lack of objections).

     5.       *Awards in similar cases*

A 30% percentage-of-recovery award is consistent with various studies that have been performed over the decades: "[E]mpirical studies show that, regardless of whether the percentage method or the lodestar method is used, fee awards in the class actions average around one-third of the recovery." 4 *Newberg on Class Actions* § 14:6 (4th ed.). In fact, one decision that reviewed 289 class actions settlements found an "average attorney's fee percentage [of] 31.31%" and a median value "that turns out to be one-third." *In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 735 (E.D. Pa. 2001).[4]

Consistent with these precedents, Class Counsel's fee is reasonable and should be approved.

     6.       *Case complexity and duration*

Though this case settled at a relatively early stage, it did so only after voluntary dismissals, refiling in state court, the introduction of an additional defendant, and removal, all in discussions with Defendant AMM. The parties have engaged in extensive negotiations, culminating in an in-person mediation session with the Hon. Diane Welsh (Ret.) that lasted into the evening hours. Such

---

[4] *See also Thomas*, 2017 WL 1148283, at *5 ("Yet another study finds that courts consistently award between 30% and 33% of the common fund.") (*citing* Theodore Eisenberg & Geoffrey P. Miller, *Attorney Fees in Class Action Settlements: An Empirical Study*, 1 J. of Empirical Legal Studies, 27, 31, 33 (2004)).

steps enabled Class Counsel and counsel for Defendants to assess the relative strengths and weaknesses of their claims and defenses and to determine an appropriate settlement structure and amount. This factor, too, favors approval of Class Counsel's fee request.

      *7.    Public policy*

As one court in this District has observed, "public policy favors the requested award [where risk of nonpayment exists] because the relevant public policy considerations involve the balancing of the policy goals of encouraging counsel to pursue meritorious . . . litigation" *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 482 (D. Md. 2014) (citation and internal quotations omitted). The same considerations apply here, as demonstrated by Class Counsel's result for the Class.

**C.    A Lodestar Cross-Check Confirms the Reasonableness of Class Counsel's Request**

Although a lodestar cross-check is not required to determine the fairness of a fee when the percentage-of-recovery method is used, *see Manuel v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:14-cv-238, 2016 WL 1070819, at *5 (E.D. Va. Mar. 15, 2016) ("The Court's preference for the percentage method, in addition to the absence of any objection to the fee award, obviates the need for an exhaustive review of each of the twelve lodestar factors."),[5] courts that do conduct them "have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee." *Singleton*, 976 F. Supp. 2d at 689 (awarding multiplier of 3); *see also Decohen*, 299 F.R.D. at 483 (awarding multiplier of 3.9); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 461 F. Supp. 2d 383, 385 (D. Md. 2006) (awarding "a fee of $130,647,868.95, which . . . represents a 2.57 multiplier[.]").

---

[5] The 12 factors from *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir. 1978), largely mirror those considered when assessing the reasonableness of a fee calculated using the percentage-of-recovery method and include the following: (1) time and labor expended; (2) novelty and difficulty of the questions raised; (3) skill required to properly perform the legal services; (4) attorney's opportunity costs in pressing the litigation; (5) customary fee for like work; (6)

Class Counsel has incurred $397,210.50 in fees to obtain the recovery here. Joint Decl. at ¶¶ 39, 41. This results in a fee multiplier of 1.88, which is justified given the contingent nature of the case, the significant risk incurred, and the result achieved. *See McDonnell*, 134 F.3d at 641 (finding that the "most critical factor in calculating a reasonable fee award is the degree of success obtained") (internal quotation marks omitted). This multiplier favorably aligns with comparable figures approved as cross checks in federal courts throughout the country. *See*, *e.g.*, *In re Cardinal Health, Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007) (finding that requested fee amount with a lodestar multiplier of 7.89 was not unreasonable "[g]iven the outstanding settlement in this case and the noticeable skill of counsel"); *In re Charger Commc'n, Inc., Sec. Litig.*, No. MDL 1506, 4:02-cv-1186-CAS, 2005 WL 4045741, at *18 (E.D. Mo. June 20, 2005) (approving lodestar multiplier of 5.61); *In re Excel Energy, Inc., Sec., Derivative & ERISA Litig.*, 364 F. Supp. 2d 980, 989 (D. Minn. 2005) (approving a multiplier of 4.7 in a case that only involved document review, and was resolved with no depositions after two days of mediation); *In re Rite Aid Corp. Sec. Litig.,* 362 F. Supp. 2d 587, 589 (E.D. Pa. 2005) (awarding lodestar multiplier of 6.96 even though the parties engaged mostly in informal discovery and took no depositions); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y 2002) (describing multiplier of 4.65 as "modest" in a case in which plaintiffs conducted no depositions, only interviews, and confirmatory discovery consisted of tens of thousands of pages of documents); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 489 (S.D.N.Y. 1998) (awarding 3.97 multiplier, that multipliers between 3 and 4.5 were common); *In re WorldCom, Inc., Sec. Litig.*, 388 F. Supp. 2d 319, 353

---

attorney's expectations at the outset of litigation; (7) time limitations imposed by the client or circumstances; (8) amount in controversy and results obtained; (9) experience, reputation, and ability of the attorney; (10) undesirability of the case within the legal community in which the suit arose; (11) nature and length of the professional relationship between the attorney and client; (12) fee awards in similar cases.

(S.D.N.Y. 2005) (awarding multiplier of 4).

Given the significant benefit conferred to Class members, Class Counsel's requested fees are reasonable and thus should be awarded as requested.

## IV.   CLASS COUNSEL'S EXPENSES ARE REASONABLE AND SHOULD BE REIMBURSED

Class Counsel also seek a reimbursement of $25,273.37 for the reasonable costs and expenses they incurred in pursuing this litigation for Plaintiffs and the Class. *See* Joint Decl., ¶¶ 44-45. These unreimbursed litigation expenses include costs associated with research, filing fees, travel, and mediation fees. *Id.* These costs also reflect typical expenses of the type ordinarily passed on to fee-paying clients in a general legal practice and are also typically recoverable in a specialized complex class action practice as they are necessary and reasonable to prosecuting a class action. *Id.* Class Counsel's expenses for which reimbursement is sought, and which Defendant has agreed to pay, were calculated from receipts, expense vouchers, check records and other documents maintained by Class Counsel and additional Plaintiffs' counsel. Thus, reimbursement of the litigation costs and expenses is warranted.

## IV.   PLAINTIFFS' REQUEST FOR A SERVICE AWARD IS REASONABLE

Plaintiffs request an award of $12,500 in total, divided equally between the five Named Plaintiffs, for their service to the Class. This amount, which is only one half of one percent of the Settlement Fund, is reasonable as the recovery here could not have been obtained but for their willingness to step forward and publicly litigate this case, knowing that their own recovery would be subordinated to that of the Class. Indeed, Plaintiffs forwent claims for any damages related to emotional distress in favor of a class-wide resolution. Plaintiffs took active roles in the litigation, including reviewing pleadings, staying in regular contact with Class Counsel about status of the case, remaining informed about settlement discussions, being available for consultation during

the mediation period, and reviewing and approving the settlement agreement. Joint Decl. at ¶ 47. They also understood their role as class representative and both supervised and responded to Class Counsel throughout the litigation. *Id*, ¶ 48. Further, Defendants do not oppose this award and no Class member has objected to it as of the date of this filing.

Service awards in this range are reasonable and this Court, as well as others in this Circuit, have approved them in the past. *See, e.g.*, *Boger v. Citrix Sys., Inc.*, Civil Action No. 19-cv-01234-LKG, 2023 U.S. Dist. LEXIS 96379, *28 (D. Md. June 1, 2023) (approving $10,000 service award for class representative); *Donaldson v. Primary Residential Mortg.*, 2021 U.S. Dist. LEXIS 101625, *24 (collecting unpublished cases from this Court with service awards including $7,500 and $6,000 per representative); *In re Tyson Foods, Inc.*, No. CIV.A. RDB-08-1982, 2010 WL 1924012, at *4 (D. Md. May 11, 2010) (approving aggregate service awards of $20,000); *see also Chrismon v. Meadow Greens Pizza*, No. 5:19-cv-155-BO, 2020 U.S. Dist. LEXIS 119873,*14 (E.D.N.C. July 7, 2020) (approving $10,000 service award); *Robinson v. Carolina First Bank NA*, No. 7:18-cv-02927-JDA, 2019 U.S. Dist. LEXIS 26450, *5 (D.S.C. Feb. 14, 2019) ("The Service Award in the amount of $15,000 is well within the range of reasonable incentive awards approved by courts."); *McCurley v. Flowers Foods, Inc.*, Civil Action No. 5:16-cv-00194-JMC, 2018 U.S. Dist. LEXIS 226234, *22 (D.S.C. Sep. 10, 2018) (finding $25,000 "well within the range of reasonable incentive awards approved" and collecting cases).

In fact, the requested service award here is well *below* the national average—an empirical study published in 2006 suggests that the average award per class representative is about $16,000. 4 *Newberg on Class Actions* § 11:38 (4th ed.). Because Plaintiffs' participation and willingness to stand up for the class was instrumental to their recovery, an award of $12,500 divided by each of the five Named Plaintiffs is reasonable.  Plaintiffs agreed to serve the Class by: (1) subordinating

their own self-interest and resisting any pressure to sell their role as Named Plaintiffs for a larger individual settlement; (2) devoting time and work to the case; and (3) allowing a class settlement and notice necessary to satisfy Rule 23. The requested Service Award is therefore well-deserved.

## V.   CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court enter an Order awarding $750,000 (30% of the Settlement Fund) to Class Counsel in attorneys' fees, reimbursing litigation expenses of $25,273.37, and awarding $2,500 to each Named Plaintiff (for a combined total of $12,500 for all class representatives) for their service to the Class. Plaintiffs will submit a proposed Order granting this request as part of the proposed Order and Final Judgment contemporaneously with their motion for final approval of the Settlement.

Dated: September 6, 2024                      Respectfully submitted,

_/s/ Courtney L. Weiner_
Courtney L. Weiner (#19463)
Law Office of Courtney Weiner
PLLC 1629 K Street NW, Suite 300
Washington, DC 20006
T: 202-827-9980
          cw@courtneyweinerlaw.com

Thomas A. Pacheco (Bar No. 21639)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
900 W Morgan Street
Raleigh, NC 27603
Tel: (212) 946-9305
tpacheco@milberg.com

David K. Lietz (admitted _pro hac vice_)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052
Tel: 202-744-1795
dlietz@milberg.com

*Counsel for Plaintiffs and the
Proposed Settlement Class*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he filed the foregoing document and its exhibits using the

Court's CM/ECF system, which shall provide notice of same to all counsel of record.

Dated:      September 6, 2024                          _/s/ Courtney L. Weiner_
                                                       Courtney L. Weiner